UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK PHILIP FA'AITA,

          Plaintiff,

     v.

FEDERAL BUREAU OF PRISONS, et al.,

          Defendants.

Case No. 23-cv-03649 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, who appears to be a former federal prisoner, filed the instant *pro se* civil rights action against the Federal Bureau of Prisons Lompoc ("BOP Lompoc") and several individuals at the prison.  Dkt. No. 1 at 1-2.[1]  Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.  Dkt. No. 2.

**DISCUSSION**

**A.**    <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] This matter was reassigned to this Court on August 16, 2023.  Dkt. No. 7.

1  governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

2  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

3  upon which relief may be granted or seek monetary relief from a defendant who is immune

4  from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally

5  construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988);

6  *Jackson v. Carey*, 535 F.3d 750, 757 (9th Cir. 2003).

7      Because Plaintiff challenges the actions of federal employees at BOP Lompoc, his

8  action must be construed as one under *Bivens v. Six Unknown Federal Narcotics Agents*,

9  403 U.S. 388, 392–97 (1971) (recognizing a private right of action for damages for

10 constitutional violations by federal employees or their agents).  To state a *Bivens* claim, a

11 plaintiff must allege that the defendant violated a federal constitutional right while acting

12 under color of federal law. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (citing *Van

13 Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991)).  Except for the replacement of a state

14 actor by a federal actor, actions under 42 U.S.C. § 1983 and *Bivens* are identical.  *Id.*; *see

15 also Wilson v. Layne*, 526 U. S. 603, 609 (1999) (qualified immunity analysis same under

16 *Bivens* and § 1983).  Accordingly, when reviewing a *Bivens* action for which there is no

17 case on point, § 1983 cases may be applied by analogy.  *See, e.g.*, *Tekle v. United States*,

18 511 F.3d 839, 844 (9th Cir. 2007) (applying § 1983 cases to analysis of *Bivens* claim that

19 officers used excessive force under Fourth Amendment, and of qualified immunity defense

20 to same claim).

21      A "complaint must contain sufficient factual matter, accepted as true, to 'state a

22 claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

23 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

24 plausibility when the plaintiff pleads factual content that allows the court to draw the

25 reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

26 *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal

27 conclusions cast in the form of factual allegations if those conclusions cannot reasonably

28                                                             2

United States District Court
Northern District of California

1   be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55

2   (9th Cir. 1994).

3   **B.**   **Plaintiff's Claims**

4        Plaintiff names four defendants: BOP Lompoc, Warden Felipe Martinez, Ms.

5   Corlone (Camp Administrator), and Mr. Espinoza (SHU Lieutenant).  Dkt. No. 1 at 1-2.

6   Plaintiff claims that he was held in the SHU (solitary housing unit) for over 400 days and

7   has now developed mental and psychological issues.  *Id.* at 3.  He claims Defendants

8   violated his rights under the Eighth Amendment because Mr. Martinez "put me in the

9   SHU," Ms. Corlone "kept me in the SHU," and Mr. Espinoza "did not do enough to get me

10  discharged from the SHU."  *Id.* at 5.  Plaintiff seeks damages for his pain and suffering and

11  permanent psychological issues, his "wife/kids pain and suffering," as well as for future

12  treatment and medicine.  *Id.* at 7.  There are several problems with this complaint.

13       First of all, Plaintiff cannot proceed against BOP Lompac.  The <u>only</u> available relief

14  in a *Bivens* action is an award of money damages for any injuries caused by a defendant

15  acting in his or her individual capacity.  *Ministerio Roca Solida v. McKelvey*, 820 F.3d

16  1090, 1093-96 (9th Cir. 2016).  Because the purpose of *Bivens* is to deter the individual

17  officer, the *Bivens* remedy does not extend to damages actions against federal agencies,

18  even where individual officers are protected by qualified immunity.  *See FDIC v. Meyer*,

19  510 U.S. 471, 484-86 (1994).  Accordingly, Plaintiff has no remedy against BOP Lompoc,

20  who must be dismissed from this action.

21       Second, the allegations are insufficient to state an Eighth Amendment claim against

22  the individual Defendants, assuming such a claim is cognizable under *Bivens.*  The

23  Constitution does not mandate comfortable prisons, but neither does it permit inhumane

24  ones.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The treatment a prisoner

25  receives in prison and the conditions under which he is confined are subject to scrutiny

26  under the Eighth Amendment.  *See Helling v. McKinney*, 509 U.S. 25, 31 (1993).  A prison

27  official violates the Eighth Amendment when two requirements are met: (1) the

28

deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (*citing Wilson*, 501 U.S. at 297).  Plaintiff's sparse allegations fail to satisfy either of these two elements.

With regard to the first element, Plaintiff provides no description of the conditions in the SHU to establish that he suffered a deprivation (of a basic necessity) that is sufficiently serious to satisfy the objective component.  The more basic the need, the shorter the time it can be withheld.  *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  For example, substantial deprivations of shelter, food, drinking water or sanitation for four days are sufficiently serious to satisfy the objective component of an Eighth Amendment claim.  *See id.* at 732-733.  With regard to the second element, Plaintiff fails to allege each Defendant's state of mind to establish that they acted with deliberate indifference.  *See, e.g.*, *Helling*, 509 U.S. at 32-33 (inmate health); *Wilson*, 501 U.S. at 302-03 (general conditions of confinement).  A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety.  *See Farmer*, 511 U.S. at 837.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *See id.*  An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.  *See id.* at 842.

In the interest of justice, Plaintiff shall be granted leave to file an amended complaint that contains sufficient allegations to support a *Bivens* claim against individual Defendants.

///

///

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies discussed above.  The amended complaint must include the caption and civil case number used in this order, Case No. C 23-cv-03649 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form complaint in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent.  *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in the amended complaint are no longer claims and defendants not named in the amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2.     **Failure to respond in accordance with this order in the time provided will result in the dismissal of this action with prejudice to state a claim for relief without further notice to Plaintiff.**

3.     The Clerk shall terminate the Federal Bureau of Prisons as a party to this action as Plaintiff cannot state a *Bivens* claim against this agency.

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  __**November 20, 2023**__                    _____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.23\03649FaAita_dwlta(Bivens)